UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re: )
 )
BRIAN E. HICKS, SR., ) Case No. B-10-80866 C-7D
 )
 Debtor )

## MOTION OF BANKRUPTCY ADMINISTRATOR TO DISMISS CASE
## PURSUANT TO SECTIONS 707(b)(1), (2), and (3)

NOW COMES the U.S. Bankruptcy Administrator for the Middle District of North Carolina ("BA") and moves this Court for dismissal of this Chapter 7 case pursuant to § 707(b)(2) or, in the alternative, pursuant to § 707(b)(1) and (3). In support hereof, the BA respectfully shows unto the Court the following:

1. Brian E. Hicks, Sr., the Debtor herein ("Debtor"), filed this petition under Chapter 7 of the Bankruptcy Code on May 18, 2010.

2. The Debtor's § 341 Meeting of Creditors was held on June 11, 2010.

3. As required by § 704(b) and pursuant to this Court's Order of June 22, 2010, the BA filed a Statement of Presumed Abuse on July 21, 2010.

### MOTION PURSUANT TO 11 U.S.C. §707(b)(2)

4. On the face of the Debtor's Form B22A, it appears that the presumption of abuse does not arise and that the Debtor passes the Means Test. Using the initial presumption determination of Line 52, the Debtor has computed his total disposable income (<$66,445.80> on Line 51) to be less than $7,025 and checked the first block stating that "The presumption does not arise" on Line 54.

5. The BA believes the household income was understated, as the spouse's income was computed using her monthly net wages, instead of the required gross wages ($3,087.67, including overtime) shown on the payroll advices provided to the BA. This brings the total current monthly income in Line 12 for Form B22A to $10,071.44.

6. The marital adjustment was miscalculated, as it includes amounts that are not reasonable and proper deductions by the non-filing spouse ($1,262 in credit card payments, and $150 in transportation costs for which deductions are already allowed in Line 22A), assuming these amounts are actually withheld from the household income.[1] The BA does not believe that any amount should be allowed for the marital adjustment in this case.

7. Certain deductions taken appear to be improper, including $36 (Line 29) for education that is a condition of employment; $49 (Line 32) for internet charges deducted as telecommunications services "necessary for [Debtor's] health and welfare or that of ... dependents", $33 (Line 34b) for disability insurance which has not been verified, and $30 (Line 36) for protection against family violence.[2]

8. The payroll information provided to the BA reflects that the average monthly household income is currently higher than what is stated on Form B22A, but the BA has been unable to verify the actual income as of the filing of the petition. Even assuming Debtor's prepetition income figures on Form B22A are correct, however, once the improper marital adjustment and

---

[1] The adjustments taken by the non-filing spouse are not itemized under Line 17b of Form B22A, but the description refers back to the Spouse's separate Schedule J deductions.

[2] The BA is informed and believes that the $30 for family protection was included by mistake.

-2-

deductions are removed, there appears to sufficient income to pay a substantial dividend to unsecured creditors.

9. Upon information and belief, the correct box which should have been checked in Line 52 was the second one, stating that the amount set forth on Line 51 is more than $11,725. Had this box been checked, the Debtor would have been directed to check the box on page 1 of the Means Test stating that "The presumption arises."

10. For these reasons, the BA believes that the Debtor has monthly disposable income under 11 U.S.C. § 707(b)(2) sufficient to give rise to the statutory presumption of abuse.

ALTERNATIVE MOTION PURSUANT TO 11 U.S.C. § 707(b)(1) AND (b)(3)

11. Alternatively and in the event that the Court determines that the presumption of abuse does not arise under 11 U.S.C. § 707(b)(2) or is rebutted, the Debtor's case should be dismissed pursuant to § 707(b)(1) and under the factors enumerated in § 707(b)(3), which provides that in cases in which a presumption of abuse does not arise, the Court shall consider whether the case was filed in bad faith or the totality of the circumstances of the debtor's financial situation, in determining whether the granting of relief would constitute an abuse of the provisions of chapter 7.

12. At this time, it is unclear as to whether the case was filed in bad faith, but it was clearly filed without the correct income information for the Debtor's spouse. The BA seeks additional information about the Debtor's intentions in filing this case, his need for Chapter 7 relief in light of the household income and certain expenses claimed, how and when the debts were incurred, and other circumstances surrounding this filing.

13. A review of the Debtor's petition, schedules, and other documents filed with this Court ("the Schedules") suggest that the granting of relief in this case would constitute an abuse of the provisions of Chapter 7, based upon the totality of the circumstances of the Debtor's financial situation. The BA contends that the factors considered by the courts in determining whether a case constituted a substantial abuse of the provisions of Chapter 7 under § 707(b) prior to the amendments made effective by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are relevant to the consideration under § 707(b)(3) of whether a case is abusive because of bad faith or based upon the totality of the circumstances. The following factors set forth in In re Green, 934 F.2d 568 (4th Cir. 1991), may warrant dismissal for abuse based on the totality of the circumstances of the Debtor's financial situation:

    A. Schedules I and J reflect that the Debtor does not has sufficient monthly household income to meet monthly living expenses and to fund plan payments to creditors under a Chapter 13 plan.

    B. Debtor's combined average monthly income (Schedule I, Line 16, and Schedule J, Line 20a) is higher than what is stated, because of the inclusion of an incorrect net income for the spouse. As discussed in Paragraph 5 above, the spouse's gross wages ($3,087.67, including overtime) should have been included as shown on the payroll advices provided to the BA.

    C. Certain payroll deductions are improper for those requesting a discharge of debts. The Debtor's continued contributions to his 401k is not allowable. While these do not appear as payroll deductions on Schedule I, the payroll advices provided for the Debtor's spouse reflect deductions including $50 contributed to her 401k Employee

Savings Plan, which is objectionable, and $160 loan repayment to SECU, which may be objectionable.

D. Additionally, certain adjustments should be made to the budget, so that creditors can be paid in full. The BA questions the Schedule J expenses for "Other Utility Expenditures (Line 2d, $295), a whole life policy ($75) notwithstanding the Schedule I payroll deduction for a term policy, and auto insurance of $142 for three vehicles including one driven by Debtor's adult son.[3] The BA also believes that the total "Other Expenditures" deducted on Line 17 of Schedule J ($433) is excessive as to $36 for education as condition of employment (not yet verified), $235 for emergencies/miscellaneous, and $66 for housekeeping, and believes this amount should be reduced. The BA also believes that many of the expenses deducted by the non-filing spouse, totaling $1,262 on Line 13b of her separate Schedule J for credit card payments are not allowable, as discussed in paragraph 6 above. Upon information and belief, the Debtor and his wife also support two adult children, ages 24 and 26, the youngest still in college, and the oldest looking for work.

E. The Debtor has a regular monthly income, and the BA believes that the Debtor has the ability to pay a substantial distribution to unsecured creditors of at least 25% of the scheduled claims over a 60-month plan period, especially if reasonable adjustments are made to the budget.

---

[3] The declaration pages for the insurance policies covering the vehicles driven by the Debtor and his spouse reflect premiums which total $94.53 per month for their two vehicles.

-5-

Case 10-80866   Doc 13   Filed 08/10/10   Page 5 of 7

F. The BA believes the schedules filed with the Court are inaccurate as to the spouse's income information on Schedule I and Form B22A but has not found any other major inaccuracies.

G. The BA needs further time to investigate matters relating to good faith.

14. For these reasons, the BA believes that the Debtor's Chapter 7 case should be dismissed pursuant to Section 707(b)(1) of the Code, on the ground that the case should be presumed to be an abuse of the provisions of Chapter 7 under § 707(b)(2), or in the alternative, because the case is abusive pursuant to § 707(b)(3) based upon the totality of the circumstances of the Debtor's financial situation or upon any finding by the Court that the petition was filed in bad faith.

WHEREFORE, the BA respectfully requests:

A) That a pre-trial hearing be scheduled prior to the setting of a hearing on the merits of this motion, so that deadlines for discovery and other pre-trial matters may be discussed; and

B) That this case be dismissed pursuant to 11 U.S.C. § 707(b)(2); or

C) In the alternative, that the Court dismiss this case pursuant to 11 U.S.C. § 707(b)(1), on the grounds that the case constitutes an abuse of the provisions of Chapter 7 based upon bad faith and/or upon the totality of the circumstances of the Debtor's financial situation under 11 U.S.C. § 707(b)(3); and

D) That the Court grant such further relief as the Court deems just and proper including, with the Debtor's consent, a conversion of this case to a case under Chapter 13.

This the 10th day of August, 2010.

                        MICHAEL D. WEST, ESQ.
                        U.S. BANKRUPTCY ADMINISTRATOR

BY: /s/ Robyn R. C. Whitman
       Robyn R. C. Whitman
       N. C. State Bar No. 16325
       P. O. Box 1828
       Greensboro, NC 27402-1828
       Telephone: (336) 358-4170

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served upon the following on the date set forth below electronically (if registered on CM/ECF) or by depositing a copy of the same in the United States mail, first class, postage prepaid, and addressed as follows:

Mr. Brian E. Hicks, Sr.
2644 Oleander Drive
Durham, NC 27703

John T. Orcutt, Esq.

John A. Northen, Esq.

DATED: August 10, 2010.          /s/ Robyn R. C. Whitman
                                          Robyn R. C. Whitman